**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| JEANNE M. HENDERSON, | ) | |
| | ) | Civil Action Number: |
| | ) | |
| Plaintiff, | ) | Jury Trial Demanded |
| v. | ) | |
| | ) | |
| CHATTAHOOCHEE SLEEP CENTER, | ) | |
| LLC, a Domestic Limited Liability | ) | |
| Corporation and LETITIA HOUSTON, | ) | |
| an individual and BRYANT HOUSTON | ) | |
| an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff Jeanne M. Henderson (hereinafter "Plaintiff") by and through her undersigned counsel, and files this lawsuit against Defendant CHATTAHOOCHEE SLEEP CENTER, LLC ("CSC") and Defendant Letitia Houston ("Letitia Houston") and Defendant Bryant Houston ("Bryant Houston") (collectively "Defendants") on behalf of herself, pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

## INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended

(hereinafter "FLSA"), and specifically provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiff, of her lawful overtime wages.

2.   Plaintiff was employed by Defendants, working as a sleep lab technician scheduled to work shifts from 7:00 p.m. to 7:00 a.m. (6:00 p.m. to 7:00 a.m. if child client(s) scheduled) at Defendants' sleep center  located at 2410 Double Churches, Suite B Columbus, GA 31909..

3.   Plaintiff was employed by Defendants from on or about February 1, 2019 through on or about January 29, 2021.

4.   During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek.,

5.   Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

6.   Plaintiff also seeks reimbursement for breaches by Defendants of oral contracts to pay Plaintiff a monthly insurance stipend and reimbursement for supplies purchased by Plaintiff for Defendants.

## JURISDICTION AND VENUE

7.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

8.   Venue is proper in the Middle District of Georgia under 28 U.S.C.   § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

9.   Plaintiff  resides in Columbus, Georgia (within this District) and is a citizen of the United States.

10. At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States.  Plaintiff is further covered by §§ 203, and 207 of the FLSA for the period in which she was employed by Defendants.

11. Defendant CSC is a limited liability corporation formed under the laws of the State of Georgia and owns and operates a sleep center in Columbus, Georgia.

12. Defendant Letitia Houston upon information and belief is an individual owner of CSC, and upon information and belief is a resident of Midland, Muscogee County, Georgia.

13. On February 13, 2019, Defendant Letitia Houston sent an email to Plaintiff with a subject of "CSC Schedule" stating in part "Hello Jeanne! Everyone is very excited about your transition from a part time to a full time CSC employee. We have you officially starting the 4/night alternating schedule with Ashley, 03/10/2019.  If you are available sooner, (ie. 03/01 - 03/07) just let me know what days you can come in and I will put you in earlier.  I put your activated key-fob in your box.  Please contact me if you have any questions! Best regards, Letitia."

14. Defendant Letitia Houston distributed the work schedules to Plaintiff.

15. Defendant Letitia Houston is the Clinical Director for CSC.

16. Defendant Bryant Houston is listed on the Articles of Incorporation of CSC found on  the Georgia Secretary of State's web site as a manager in whom is vested the management of the CSC. He is also listed as the registered agent of Defendant and upon information and belief is a resident of Midland, Muscogee County, Georgia.

17. On February 12, 2019, Defendant Bryant Houston sent an email to Plaintiff, with a copy to Defendant Letitia Houston, with a subject of

"Chattahoochee Sleep Center Offer," stating in part "Jeanne, As discussed with Letitia, please find the attached offer letter for the full time position as Sleep Tech at Chattahoochee Sleep Center. . . Thank you, Bryant Houston Partner, Chattahoochee Sleep Center, LLC."

18.    Defendant Bryant Houston, on February 12, 2019, sent to Plaintiff an offer letter to join CSC as a sleep lab technician, stating in part "[y]our salary will be $40,000 annually."

19. Defendant Bryant Houston, on May 30, 2019, sent an email to Plaintiff and other employees of CSC with a subject of "CSC Overtime," stating in part: "Team, I have been notified of several inquiries regarding overtime. Overtime with our firm applies to employees paid on an hourly basis. You are exempt from overtime if you are a full time, salaried. And have an annual income above $23,600. Translated, this means your salary is fixed, which means you get paid  no matter the work load . . . Thank you. Bryant Houston Partner Chattahoochee Sleep Center, LLC"

20. Defendants conduct business within this State and District.

21. Defendants maintained either actual or constructive control, oversight and direction of Defendants' Sleep Center, including the employment and pay and other practices of that operation.

22. CSC is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Bryant Houston , 11100 County Line Rd, Midland, Muscogee County, GA, 31820. .

23. Defendant Letitia Houston  is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served by delivering a copy of the summons and of the complaint to Defendant Letitia Houston  personally at 11100 County Line Rd, Midland, Muscogee County, GA, 31820.

24. Defendant Bryant Houston  is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served by delivering a copy of the summons and of the complaint to Defendant Bryant Houston  personally at 11100 County Line Rd, Midland, Muscogee County, GA, 31820.

25. At all times material to this action, CSC was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

26. At all times material to this action, CSC  was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

27. Upon information and belief, at all times material to this action, Defendant Letitia Houston was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

28. Upon information and belief, at all times material to this action, Defendant Bryant Houston was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

29. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

30. Beginning on or about February 1, 2019, Plaintiff became a part time hourly sleep lab technician.

31. Pursuant to an offer letter from Bryant Houston, Director of CSC, dated February 12, 2019, Plaintiff became a full-time salaried sleep lab technician on or about March 1, 2019.

32. At all times relevant to when Plaintiff was employed as a salaried employee as a sleep lab technician by Defendants, Plaintiff was at times required to work in excess of forty (40) hours a week.

33. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

34. At all times relevant to this action, Defendants had a policy and/or practice of not compensating Plaintiff for time worked in excess of 40 hours per week on a basis at which she was by law required to be paid.

35. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

36. Defendants are liable to Plaintiff for compensation for any and all time worked in excess of 40 hours per week at the rate legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, and 207.

37. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

38. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

39. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

40. Plaintiff demands a jury trial.

## COUNT I

41. Plaintiff repeats and incorporates by reference paragraphs 1-40 herein.

42. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as

detailed herein, by failing to properly pay overtime compensation to Plaintiff in accordance with §§ 203 and 207 of the FLSA.

43. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime compensation in accordance with §§ 203 and 20 7of the FLSA.

44. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

45. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of her overtime  wage compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## COUNT II

## (BREACH OF ORAL CONTRACTS)

46. Plaintiff repeats and incorporates by reference paragraphs 1-45 herein.

47. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly failed to honor their oral contract requirements to reimburse Plaintiff for her business expenses and for her monthly insurance stipend.

48. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of the fruits agreed to in oral contracts in amounts to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and, pursuant to § 216(b) of the FLSA, prays for the following relief:

A.    That Plaintiff be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages;

B.   That Plaintiff be awarded pre- and post-judgment interest;

D.    That Plaintiff be compensated for promises made IAW oral contracts;

F.   That Plaintiff be awarded reasonable attorneys' fees;

G.   That Plaintiff be awarded the costs and expenses of this action; and

H.   That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this _____ day  of June, 2021.


MARTIN & MARTIN, LLP


By:    /s/ Thomas F. Martin
Thomas F. Martin
tfmartinlaw@msn.com

Georgia Bar No. 482595

Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070

(770) 344-7267