IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JEANNE M. HENDERSON, | * |
| | * |
| Plaintiff, | *  Case No.: 4:21-CV-00086-CDL |
| | * |
| v. | * |
| | * |
| CHATTAHOOCHEE SLEEP CENTER, LLC, | * |
| a Domestic Limited Liability Corporation, | * |
| and LETITIA HOUSTON, an individual, | * |
| and BRYANT HOUSTON, an individual, | * |
| | * |
| Defendants. | * |

## ANSWER AND RESPONSIVE PLEADINGS OF DEFENDANTS

**COME NOW** Defendants Chattahoochee Sleep Center, LLC, Letitia Houston, and Bryant Houston, hereby filing this their Answer and Responsive Pleadings, respectfully showing the court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim on which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims against Letitia Houston and Bryant Houston are barred because neither individual was an "employer" of Plaintiff as that term is defined by the Fair Labor Standards Act (the "Act").

### THIRD DEFENSE

Plaintiff's claims are barred because at no relevant time was she an "employee" of any Defendant, as that term is defined by the Act.

## FOURTH DEFENSE

Plaintiff's claims are barred because no Defendant, nor any actions by a Defendant, were governed by the Act.

## FIFTH DEFENSE

Plaintiff's claims are barred because Plaintiff is not covered by the Act or any regulations promulgated thereto.

## SIXTH DEFENSE

Plaintiff's claims are barred because Plaintiff and/or Defendants are exempt from the overtime compensation provisions of the Act. By way of further defense and without limitation, Plaintiff was exempt under the learned professional employee exemption.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because she cannot show any act or omission on the part of Defendants that was willful under the Act.

## NINTH DEFENSE

Plaintiff's claims are barred because any injury or damage to Plaintiff resulted from her own actions or inactions.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff submitted false and/or inaccurate time records.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred to the extent she seeks recovery for time which is not compensable or recoverable under the Act.

**TWELFTH DEFENSE**

Plaintiff's claims are barred because, at all relevant times, Defendants complied with the pertinent requirements of the Act and the regulations promulgated thereto.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred due to her failure to mitigate damages.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because at all relevant times, Defendants acted in a manner whereby they legitimately and in good faith had reasonable grounds for believing their actions with regard to Plaintiff were in compliance with the Act. Defendants raise all "good faith" defenses available to them under the Act.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendants did not act knowingly, intentionally, recklessly, or with malice to deprive Plaintiff of any rights under the Act.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any proven violation of the Act was not the result of willful, deliberate, intentional acts with a reckless disregard or indifference for the protections afforded under and/or pursuant to the Act.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of payment.

## EIGHTEENTH DEFENSE

Plaintiff's claims for overtime compensation are barred, in whole or in part, because the time and/or services for which she seeks such compensation were secondary or incidental to her primary job functions.

## NINETEENTH DEFENSE

Any proven violation of the Act (which is nonetheless denied by Defendants in response) should be adjusted to account for all exclusions, off-sets, and/or credits as may apply under the Act and any regulations promulgated thereto.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because all or part of any time for which Plaintiff seeks compensation does not constitute compensable working time under the Act and any regulations promulgated thereto.

## TWENTY-FIRST DEFENSE

Defendants raise all available affirmative defenses, as if affirmatively set forth herein, of Fed. R. Civ. Proc. 8(c).

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, due to the avoidable consequences doctrine, in that Plaintiff failed at any and all times to bring any alleged violation of the Act to the attention of Defendants.

## TWENTY-THIRD DEFENSE AND RESPONSIVE PLEADINGS

In responding to the numbered paragraphs of the Complaint, Defendants respond as follows:

# INTRODUCTION[1]

1.

Defendants show, in response to the allegations of Paragraph 1 of Plaintiff's Complaint, that they are not required to respond to the paragraph's allegations which merely set forth Plaintiff's intentions in bringing this action. To the extent a response is required, Defendants deny the allegations of Paragraph 1, and deny any and all liability for Plaintiff's claims.

2.

Defendants deny the allegations of Paragraph 2 of Plaintiff's Complaint.

3.

Defendants deny the allegations of Paragraph 3 of Plaintiff's Complaint as plead.

4.

Defendants deny the allegations of Paragraph 4 of Plaintiff's Complaint.

5.

Defendants show, in response to the allegations of Paragraph 5 of Plaintiff's Complaint, that they are not required to respond to the paragraph's allegations which merely set forth Plaintiff's intentions in bringing this action. To the extent a response is required, Defendants deny the allegations of Paragraph 5, and deny any and all liability for Plaintiff's claims.

6.

Defendants show, in response to the allegations of Paragraph 6 of Plaintiff's Complaint, that they are not required to respond to the paragraph's allegations which merely set forth

---

[1] The repetition of subheadings contained in Plaintiff's Complaint is done solely for organizational purposes and not as an admission in any form or fashion by Defendants.

Plaintiff's intentions in bringing this action. To the extent a response is required, Defendants deny the allegations of Paragraph 6, and deny any and all liability for Plaintiff's claims.

## JURISDICTION AND VENUE

7.

Defendants admit the allegations of Paragraph 7 of Plaintiff's Complaint.

8.

Defendants admit the allegations of Paragraph 8 of Plaintiff's Complaint.

## PARTIES

9.

Defendants admit the allegations of Paragraph 9 of Plaintiff's Complaint.

10.

Defendants deny the allegations of Paragraph 10 of Plaintiff's Complaint.

11.

Defendants admit the allegations of Paragraph 11 of Plaintiff's Complaint.

12.

Defendants admit the allegations of Paragraph 12 of Plaintiff's Complaint.

13.

Defendants admit that Plaintiff purports to cite to written material in Paragraph 13 and that this written material is the best evidence of what is contained therein. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 13 of Plaintiff's Complaint.

14.

Defendants deny the allegations of Paragraph 14 of Plaintiff's Complaint.

15.

Defendants admit the allegations of Paragraph 15 of Plaintiff's Complaint.

16.

Defendants admit that Plaintiff purports to cite to written material in Paragraph 16 and that this written material is the best evidence of the text and content contained therein. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 16 of Plaintiff's Complaint.

17.

Defendants admit that Plaintiff purports to cite to written material in Paragraph 17 and that this written material is the best evidence of the text and content contained therein. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 17 of Plaintiff's Complaint.

18.

Defendants admit that Plaintiff purports to cite to written material in Paragraph 18 and that this written material is the best evidence of the text and content contained therein. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 18 of Plaintiff's Complaint.

19.

Defendants admit that Plaintiff purports to cite to written material in Paragraph 19 and that this written material is the best evidence of the text and content contained therein. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 19 of Plaintiff's Complaint.

20.

Defendants deny the allegations of Paragraph 20 of Plaintiff's Complaint as plead.

21.

Defendants deny the allegations of Paragraph 21 of Plaintiff's Complaint.

22.

Defendants admit the allegations of Paragraph 22 of Plaintiff's Complaint.

23.

Defendants admit the allegations of Paragraph 23 of Plaintiff's Complaint.

24.

Defendants admit the allegations of Paragraph 24 of Plaintiff's Complaint.

25.

Defendants deny the allegations of Paragraph 25 of Plaintiff's Complaint.

26.

Defendants deny the allegations of Paragraph 26 of Plaintiff's Complaint.

27.

Defendants deny the allegations of Paragraph 27 of Plaintiff's Complaint.

28.

Defendants deny the allegations of Paragraph 28 of Plaintiff's Complaint.

29.

Defendants deny the allegations of Paragraph 29 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

30.

In response to the allegations of Paragraph 30 of Plaintiff's Complaint, Defendants admit that in or around February 2019 Plaintiff became a part time hourly sleep lab technician. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 30 of Plaintiff's Complaint.

31.

In response to the allegations of Paragraph 31 of Plaintiff's Complaint, Defendants admit that Plaintiff changed from part-time to full-time on or around March 2019. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 31 of Plaintiff's Complaint.

32.

Defendants deny the allegations of Paragraph 32 of Plaintiff's Complaint.

33.

Defendants deny the allegations of Paragraph 33 of Plaintiff's Complaint.

34.

Defendants deny the allegations of Paragraph 34 of Plaintiff's Complaint.

35.

Defendants deny the allegations of Paragraph 35 of Plaintiff's Complaint.

36.

Defendants deny the allegations of Paragraph 36 of Plaintiff's Complaint.

37.

Defendants deny the allegations of Paragraph 37 of Plaintiff's Complaint.

38.

Defendants deny the allegations of Paragraph 38 of Plaintiff's Complaint.

39.

In response to the allegations of Paragraph 39, Defendants admit their understanding that Plaintiff has hired counsel. Except as expressly admitted herein, Defendants deny the remainder of the allegations in Paragraph 39.

40.

Defendants show, in response to the allegations of Paragraph 40 of Plaintiff's Complaint, that they are not required to respond to the Paragraph's allegations which merely set forth Plaintiff's intention in requesting a jury trial.

**COUNT 1**

41.

Defendants incorporate by reference, as if fully set forth herein, their answers to the allegations set forth in all preceding paragraphs of the Complaint.

42.

Defendants deny the allegations of Paragraph 42.

43.

Defendants deny the allegations of Paragraph 43.

44.

Defendants deny the allegations of Paragraph 44. By way of further response, Defendants show that, to the extent Plaintiff proves any lack of compliance with the FLSA, which these

Defendants expressly deny, Defendants, as applicable, made a good faith effort to comply with the FLSA and are entitled to treatment under the law for such good faith.

45.

Defendants deny the allegations of Paragraph 45.

## COUNT II (BREACH OF ORAL CONTRACTS)

46.

Defendants incorporate by reference, as if fully set forth herein, their answers to the allegations set forth in all preceding paragraphs of the Complaint.

47.

Defendants deny the allegations of Paragraph 47 of Plaintiff's Complaint.

48.

Defendants deny the allegations of Paragraph 48 of Plaintiff's Complaint.

**************

Defendants further herein deny all allegations and inferences not specifically admitted herein, and deny the ad damnum clause of Plaintiff's Complaint. A trial by jury is requested on all appropriate issues in the event Plaintiff's Complaint is not dismissed against Defendants.

WHEREFORE, Defendants pray as follows:

a. That the Court dismiss Plaintiff's Complaint, with prejudice, in its entirety;

b. That judgment be entered in favor of Defendants on all claims asserted in the Complaint;

c. That all costs of this action be assessed against Plaintiff;

d.  That Plaintiff be ordered to pay Defendants' attorneys' fees and expenses of litigation, in an amount to be determined by the Court;

e.  For a trial by jury on all issues so triable; and

f.  For such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted, this 16th day of July, 2021.

**WALDREP, MULLIN & CALLAHAN, LLC**

By: /s/ C. Morris Mullin
C. Morris Mullin
Georgia Bar No.: 528550
David R. Helmick
Georgia Bar No.: 344210
Attorneys for Defendants

111 12th Street, Suite 300
Post Office Box 351
Columbus, Georgia 31902-0351
T:  706-320-0600
F:  706-320-0600
cmm@waldrepmullin.com
dhelmick@waldrepmullin.com

## CERTIFICATE OF SERVICE

I hereby certify that I am counsel for Defendants in this action and that on this date I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notice of same to all parties so entered in this case.

This 16th day of July, 2021.

**WALDREP, MULLIN & CALLAHAN, LLC**

By: /s/ C. Morris Mullin
     C. Morris Mullin
     Georgia Bar No.: 528550
     David R. Helmick
     Georgia Bar No.: 344210
     Attorneys for Defendants

111 12th Street, Suite 300
Post Office Box 351
Columbus, Georgia 31902-0351
T:  706-320-0600
F:  706-320-0600
cmm@waldrepmullin.com
dhelmick@waldrepmullin.com