IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JEANNE M. HENDERSON, | * | |
| | * | |
| Plaintiff, | * | Case No.: 4:21-CV-00086-CDL |
| | * | |
| v. | * | |
| | * | |
| CHATTAHOOCHEE SLEEP | * | |
| CENTER, LLC, a Domestic Limited | * | |
| Liability Corporation, and LETITIA | * | |
| HOUSTON, an individual, and | * | |
| BRYANT HOUSTON, an individual, | * | |
| | * | |
| Defendants. | * | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT OF CLAIMS UNDER THE FAIR LABOR STANDARDS ACT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiff Jeanne M. Henderson ("Plaintiff"), and Defendants CHATTAHOOCHEE SLEEP CENTER, LLC ("CSC"), Letitia Houston, and Bryant Houston (collectively "Defendants"), submit this Joint Motion for Approval of Settlement of Claims under the Fair Labor Standards Act and supporting Memorandum of Law, respectfully asking this Court to approve their settlement agreement. A copy of the parties' Settlement Agreement and Release of Claims ("Settlement Agreement") is attached as Exhibit A. The parties submit that the

Settlement Agreement is fair and reasonable and that no hearing before the Court is necessary.

## I.  FACTUAL BACKGROUND

CSC staff perform specific tests evaluation sessions in CSC's sleep laboratory to determine whether its clients have a sleep disorder. CSC employed Plaintiff as a sleep lab technician to provide the tests and evaluate the results.

Plaintiff alleged that she typically worked at CSC's facility 3 or 4 overnite shifts, and that each shift lasted approximately 11 hours. During the relevant period, CSC paid Plaintiff on a fixed salary basis and classified Plaintiff as exempt from the Fair Labor Standards Act's overtime payment requirements, e.g., not paying overtime during the workweeks she worked in excess of 40 hours. Plaintiff alleged, however, that Defendants misclassified her and that she should not have been classified as exempt.

Plaintiff, who was not still employed by Defendants at the time, filed suit on May 31, alleging Defendants violated the FLSA's overtime provisions, 29 U.S.C. §§ 201, *et seq.*, by not paying Plaintiff overtime for work performed during those weeks she worked in excess of forty hours per week. (Doc. 1).

During discovery Defendants alleged that the fluctuating work week was applicable to Plaintiff. Plaintiff disagreed and on November 11, 2021, Plaintiff filed

an amended complaint (Doc. 12) asserting that Plaintiff was not exempt from the FLSA and the Fluctuating Workweek Method is not applicable, thus Plaintiff is owed wages for all hours worked in excess of those normally worked on a three shift workweek.

The parties exchanged several offers to settle but none were accepted. Then on November 22, 2021, Defendants served an offer of judgment pursuant to Rule 68 which Plaintiff agreed to accept. Said offer of $2,424.00, exclusive of attorney fees and costs, fully compensates Plaintiff, including liquidated damages, based on her original complaint. Plaintiff knowingly and of her own volition chose to forgo continuing to pursue the issue of the fluctuating workweek.

The factors the parties evaluated in reaching agreement include, but are not necessarily limited to, (1) the fact that if CSC's sleep lab technician's were determined to be exempt, Plaintiff would recover nothing, (2) the fact that CSC's claim of the validity of using the fluctuating workweek might be upheld and under either (1) or (2) under the terms of the offer of judgment, Plaintiff might actually owe Defendant's money.

The parties ultimately agreed upon settlement terms, which are embodied in the Settlement Agreement attached as Exhibit A. For these reasons, and those that

follow, the parties jointly and respectfully request the Court approve the Settlement Agreement, which represent a fair and reasonable compromise of Plaintiff's claims.

## II. ARGUMENT AND CITATION TO AUTHORITY

Employees may compromise or settle FLSA claims in two circumstances: (1) the Secretary of Labor may supervise payment to employees of unpaid wages owed to them, or (2) a court may review and approve a settlement in a private cause of action for back wages. 29 U.S.C. §§ 216; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

When parties seek court approval under § 216(b), the court must examine the settlement to determine if it represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. If the settlement reflects a reasonable compromise over disputed issues, such as FLSA coverage or calculation of back wages, then the court is permitted "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1350.

Courts have applied a two-step analysis to evaluate the fairness of proposed FLSA settlement agreements. *See Wingrove v. D.A. Technologies, Inc.*, No. 1:10-CV-3227-HLM-WEJ, 2011 WL 7307626, at *2-4 (N.D. Ga. Feb. 11, 2011), report and recommendation adopted, No. 1:10-CV-3227HLM, 2011 WL 7324219 (N.D.

Ga. Feb. 14, 2011) (applying analysis from *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

"First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise)." *Id.* During this initial inquiry, courts consider (1) the existence of fraud or collusion behind the settlement, (2) the complexity, expense, and likely duration of the litigation, (3) the stage of the proceedings and the amount of discovery completed, (4) the probability of plaintiffs' success on the merits, (5) the range of possible recovery, and (6) the opinions of counsel. *Id.* at 1241. "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King v. My Online Neighborhood, Inc.*, No. 606-CV-435-ORL22JGG, 2007 WL 737575, at *3 (M.D. Fla. Mar. 7, 2007) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977)).

Second, "if the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace." *Id.*

Finally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). "Because the FLSA was intended to provide workers with the full compensation they are due under the law, requiring a plaintiff to pay his or her attorney a fee in addition to what the Court determines is a reasonable fee for the attorneys' services is contrary to Congressional intent." *Zegers v. Countrywide Mortgage Ventures, LLC*, 569 F. Supp. 2d 1259, 1267 (M.D. Fla. 2008). "[C]ounsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise." *Kingsley v. Four Townes Lodge No. 655*, No. 6:10-CV-103-ORL-28, 2010 WL 3220311, at *2 (M.D. Fla. July 23, 2010), report and recommendation adopted, No. 610-CV-103ORL-28GJK, 2010 WL 3220309 (M.D. Fla. Aug. 13, 2010).

Applying those principles, the parties' proposed Settlement Agreement should be approved.

Under the proposed agreement, CSC would pay Plaintiff a sum, including liquidated damages for all hours she worked in excess of 40 hours in any workweek.

6

The parties have conducted discovery and have openly engaged in negotiations and shared information. It is acknowledged by both sides that a bona fide dispute exists regarding (1) whether Plaintiff was exempt from overtime, and (3) whether the use of the fluctuating workweek was appropriate. Thus, the probability that Plaintiff would prevail on her claims is uncertain, and even if Plaintiff established Defendant's liability, the damages she would receive is also disputed. Given that Plaintiffs' likelihood of prevailing on the merits is speculative, coupled with the fact that Plaintiff might actually be found to owe Defendants money, and litigation of her claims would be difficult and expensive, the parties and their counsel have reached this compromise, which they both believe represents a fair and reasonable "yielding of the highest hopes in exchange for certainty and resolution." *King*, 2007 WL 737575, at *3 (citation omitted).

Plaintiffs' attorneys' fees will not be deducted from these payments, and Plaintiffs' attorneys' fees were not determined at the time the parties reached an agreement as to Plaintiffs' recovery. The parties agreed that, unless the parties reach an agreement on reasonable attorneys' fees, the Court will determine a reasonable fee for Plaintiffs' attorneys after the attorney-fees issue has been fully briefed by the parties, which is expected to occur within 30 days from the Court's approval of the settlement agreement. See Exhibit A at § 2.

Bearing in mind that Plaintiff's likelihood of success is uncertain, the parties agree the settlement award approximates the damages Plaintiffs would receive if she prevailed at trial on her original claim. The settlement award Plaintiff will receive, therefore, is both fair to her and furthers the goals of the FLSA's overtime provisions.

### III. CONCLUSION

The parties respectfully submit that the proposed Settlement Agreements constitute a fair and reasonable resolution of a bona fide dispute under the FLSA. Under the principles articulated in *Lynn's Foods*, the parties ask this Court to approve the agreement.

Respectfully submitted this 13th day of January, 2022.

/s/ Thomas F. Martin
Thomas F. Martin
Georgia Bar No. 482595
Kimberly N. Martin
Georgia Bar No. 473410
MARTIN & MARTIN, LLP
P.O. BOX 1070
Tucker, GA 30085-1070
Tel.: 770-344-7267
tfmartinlaw@msn.com
kimberlymartinlaw@gmail.com
**Counsel for Plaintiff**

*By: /s/ David R. Helmick*
*David R. Helmick*
*Georgia Bar No.: 344210*
**WALDREP, MULLIN & CALLAHAN, LLC**
*111 12th Street, Suite 300*
*Post Office Box 351*
*Columbus, Georgia 31902-0351*
*T: 706-320-0600*
*dhelmick@waldrepmullin.com*
**Counsel for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of January 2022, I served a true and correct copy of the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT OF CLAIMS UNDER THE FAIR LABOR STANDARDS ACT AND MEMORANDUM OF LAW IN SUPPORT THEREOF** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys in this case.

/s/ Thomas F. Martin
Thomas F. Martin